UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH DAKOTA
SOUTHERN DIVISION

| | |
|---|---|
| ROLAND MINER, III,<br><br>Plaintiff,<br><br>vs.<br><br>WARDEN BENTING, Warden, in his official capacity; and NICK LAMB, Secretary of Corrections, in his official capacity.<br><br>Defendants. | 4:25-CV-04035-ECS<br><br><br>ORDER GRANTING IN PART PLAINTIFF'S MOTION TO AMEND AND AMENDING RULE 16 SCHEDULING ORDER |

Plaintiff, Roland Miner, III, an inmate at the South Dakota State Penitentiary, filed a pro se civil rights lawsuit under 42 U.S.C. § 1983. Docs. 1, 7. After defendants answered, the Court entered a Rule 16 Scheduling Order. Doc. 29. Paragraph 2 of the Rule 16 Scheduling Order provides that "[t]he parties have until **December 22, 2025**, to move to join additional parties and to amend the pleadings. Any party seeking to amend a pleading (including motions to supplement the complaint) must comply with D.S.D. Civ. LR 15.1." Id. ¶ 2. Miner timely filed a motion he titles as a motion for leave to file a supplemental complaint adding defendants. Doc. 34. Along with his motion, Miner provided a proposed second amended complaint. Doc. 34-1. Defendants oppose Miner's motion. Doc. 38.

## I.    Construction of Miner's Motion

Federal Rule of Civil Procedure 15(d) provides:

On motion and reasonable notice, the court may, on just terms, permit a party to serve a supplemental pleading setting out any transaction, occurrence, or event that happened after the date of the pleading to be supplemented. The court may permit supplementation even though the original pleading is defective in stating a claim or defense. The court may order that the opposing party plead to the supplemental pleading within a specified time.

Supplemental pleadings "deal with events subsequent to the pleading to be altered and represent additions to or continuations of the earlier pleadings." 6A Wright & Miller's Federal Practice & Procedure § 1504 (3d ed. 2025); see also United States v. Vorachek, 563 F.2d 884, 886 (8th Cir. 1977) (per curiam) (stating that a supplemental pleading "is designed to cover matters subsequently occurring but pertaining to the original cause[]" (internal quotation omitted)).

Although Miner states that he seeks leave to file a supplemental complaint, it is clear that he is seeking leave to file an amended complaint, not a supplemental complaint. The allegations in Miner's proposed second amended complaint arise out of the same operative facts as the allegations in his initial complaints that this Court screened. Compare Docs. 1, 7, with Doc. 34-1. Miner attached to his motion a pleading he titles as a second amended complaint. Doc. 34-1. Because Miner's proposed second amended complaint does not allege facts or events occurring after he commenced this action, the Court will liberally construe Miner's motion, Doc. 34, as a motion for leave to file an amended complaint.[1] "A document filed *pro se* is to be liberally construed." Erickson v. Pardus, 551 U.S. 89, 94 (2007) (per curiam) (citation modified). Further, "courts may 'ignore the legal label that a *pro se* litigant attaches to a motion and recharacterize [it]' so as 'to avoid inappropriately stringent application of formal labeling

---

[1] An amended pleading "supersedes the pleading it modifies and remains in effect throughout the action unless it subsequently is modified." 6 Wright & Miller's Federal Practice & Procedure § 1476 (3d ed. 2025). Miner's proposed second amended complaint, Doc. 34-1, does not restate his allegations against Benting and Lamb that survived screening. Considering the entirety of Miner's motion, proposed second amended complaint, and supporting affidavit, Docs. 34, 34-1, and 35, the Court does not find that Miner intended to abandon his claims against Benting and Lamb. Instead, this omission likely stems from Miner's lack of awareness of the legal effect of an amended pleading, which is understandable given that he is appearing *pro se* and this Court has denied his motion for appointment of counsel. Thus, Miner's official capacity claims against Benting and Lamb that survived screening remain, and the relevant portions of his initial complaints, Docs. 1 and 7, remain operative.

requirements.'" Devine v. Walker, 984 F.3d 605, 607 (8th Cir. 2010) (quoting Castro v. United States, 540 U.S. 375, 381 (2023) (alteration in original)).

## II.     Amending a Complaint to Add Defendants

Because Miner seeks to join additional defendants, defendants contend that the "correct motion would be under Fed. R. Civ. P. 21[,]" and urge this Court to deny Miner's motion for leave to amend his complaint "as he should be required to file a motion under Rule 21." Doc. 38 at 2 (citing Wright v. Foster, No. CIV 13-1014, 2013 WL 6154723 (D.S.D. Nov. 22, 2013)). Defendants' reliance on Wright is misplaced. In Wright, Judge Kornmann ruled that a defendant could not be added by amending the complaint as a matter of course and held that Rule 21 governs the procedure for dropping or adding parties and requires an order of the court even if the time for amending the complaint as a matter of course has not expired. Wright, 2013 WL 6154723, at *1–2. Here, Miner does not contend that he may file his proposed second amended complaint as matter of course and has filed a motion for leave to file the proposed second amended complaint.

Miner does not refer to Rule 21, which provides in relevant part that "[o]n motion or on its own, the court may at any time, on just terms, add or drop a party." Fed. R. Civ. P. 21. Rule 20 provides that persons may be joined in one action as defendants if "any right to relief is asserted against them . . . arising out of the same transaction, occurrence, or series of transactions or occurrences; and . . . any question of law or fact common to all defendants will arise in the action." Fed. R. Civ. P. 20(a)(2)(A), (B). As one court has recognized, "the underlying purpose or Rules 19, 20 and 21 is to allow the district court itself to exercise its power to align the parties and the issues presented in a single lawsuit in a way that will foster judicial efficiency, while

protecting parties against prejudice." Stark v. Indep. Sch. Dist. No. 640, 163 F.R.D. 557, 564 (D. Minn. 1995) (citations omitted).

This Court has already stated that Miner's proposed second amended complaint arises out of the same occurrence as his claims against the existing defendants, and defendants do not dispute that joinder of additional defendants would be proper under Rule 20. See generally Doc. 38. Defendants' opposition, as the Court understands it, is solely based on Miner's failure to state that he is filing his motion under Rule 21 instead of Rule 15(a)(2). Because this Court must liberally construe *pro se* pleadings, the Court declines to deny Miner's motion on this ground. Instead, this Court will consider whether justice requires that the Court grant Miner's motion for leave to file a second amended complaint.[2] See, e.g., Streamband Props. III, LLC v. Sexton Lofts, LLC, 297 F.R.D. 349, 358 (D. Minn. 2014) (considering a plaintiff's motion to amend to add defendants and allegations based on newly discovered evidence under Rule 15(a)(2)).

### III.    Futility

A district court should freely grant leave to a party to amend his pleadings when justice so requires. Fed. R. Civ. 15(a)(2)  A court may properly deny a party's motion to amend its complaint for reasons "such as undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, futility of amendment, etc." Foman v. Davis, 371 U.S. 178, 182 (1962).  Defendants argue that if the Court construes and considers Miner's motion as a motion for leave to file an amended complaint, the motion should be denied because Miner's allegations are futile. See Doc. 38 at 3–4.

---

[2] This construction of Miner's motion does not unfairly prejudice defendants as defendants' response addresses whether Miner should be granted leave to file a second amended complaint under Rule 15(a)(2).

Miner seeks to assert claims against six defendants in their individual capacities: Strucksma, a senior correctional officer at the Jameson Annex; Brunson, a senior correctional officer at the Jameson Annex; Martin, a senior correctional officer at the Jameson Annex; Stacey, the Health Services Administrator at the Jameson Annex; Amber Pirraglia, the Director of Prisons, in Pierre, South Dakota; and Tayler Yost, a Unit Captain at the Jameson Annex. Doc. 34-1 at 2. The second amended complaint includes eight counts.[3] See generally id. The Court will consider whether the claims alleged in each of the eight counts are futile.

## A.    Count 1 – Conspiracy to Deprive of Constitutional Rights

To prove a 42 U.S.C. § 1983 conspiracy claim, Miner must show: "(1) that the defendant conspired with others to deprive him of constitutional rights; (2) that at least one of the alleged co-conspirators engaged in an overt act in furtherance of the conspiracy; and (3) that the overt act injured [him]." White v. McKinley, 519 F.3d 806, 815 (8th Cir. 2008) (citing Askew v. Millerd, 191 F.3d 953, 957 (8th Cir. 1999)). To sustain a conspiracy claim under § 1983, "a plaintiff must allege with particularity specific facts indicting a 'meeting of the minds,' meaning a mutual understanding among the alleged conspirators to take actions to an unconstitutional end." Stamm v. Cnty. of Cheyenne, 326 F. Supp. 3d 832, 861 (D. Neb. 2018) (citing Davis v. Jefferson Hosp. Ass'n, 685 F.3d 675 (8th Cir. 2012)). "The plaintiff must allege with particularity and specifically demonstrate with material facts that the defendants reached an agreement."

---

[3] In their response to Miner's motion to amend, instead of explaining why each of the eight counts are futile, defendants summarily assert that "[t]he vast majority, if not all, of [Miner's] claims in the proposed second amended complaint are futile and/or moot" and request that the Court screen Miner's additional claims under 28 U.S.C. § 1915A. Doc. 38 at 4. Because the Court must order service by the USMS if Miner is permitted to add defendants, see 28 U.S.C. § 1915(d), this Court will screen the proposed second amended complaint before ordering service. However, the process perhaps could have been expedited if the defendants' opposition to Miner's motion to amend had expanded on defendants' assertion that the proposed second amended complaint is futile.

Brimager v. City of Moscow Mills, 706 F. Supp. 3d 838, 849 (E.D. Mo. 2023) (quoting

Bonenberger v. St. Louis Metro. Police Dep't, 810 F.3d 1103, 1109 (8th Cir. 2016)). "Where the

allegations are merely conclusory statements rather than specific facts, the complaint fails to

state a claim." Id. (citing Smithson v. Aldrich, 235 F.3d 1058, 1063 (8th Cir. 2000)).

Count 1 of Miner's proposed second amended complaint alleges the "'formulaic' legal

elements of a conspiracy claim[,]" but his specific factual allegations do not suggest a "meeting

of the minds" among the defendants "as opposed to discrete, individual alleged acts by them not

done in concert." Stamm, 326 F. Supp. 3d at 861. Thus, Miner's motion to amend to assert a

§ 1983 conspiracy claim in denied.

### B.    Count 2 – Excessive Force

Liberally construing Miner's proposed second amended complaint, he alleges a § 1983

claim arising out of the alleged use of excessive force during a cell entry incident described in

his proposed second amended. See Doc. 34-1 at 3–5, 8. Specifically, he contends that Brunson,

Stucksma, and Martin were part of the cell entry team. Id. at 4, ¶ 13. He contends that Pirraglia,

Stacey, and Yost "are supervisory officers[]" and "failed to supervise and train their employees

which caused the deprivations of [Miner's] constitutional rights." Id. at 8, ¶ (e) (capitalization in

original omitted).[4]

---

[4] Miner also alleges that Benting and Lamb are supervisory officers who are liable for failing to
supervise and train their employees. Doc. 34-1 at 8, ¶ (e). This Court dismissed Miner's
individual capacity claim against Benting on screening. Doc. 10 at 9. The Court also dismissed
Miner's individual capacity claims against Lamb's predecessor, Kellie Wasko, on screening. Id.
As a matter of law, Lamb cannot be liable in his individual capacity because he did not become
the Secretary of Corrections until after Miner commenced this action. To the extent Miner seeks
to reassert his individual capacity claims against Benting, his motion for leave to file a second
amended complaint to do so is denied.

The Court's Opinion and Order Granting Plaintiff's Motion for Leave to Proceed In Forma Pauperis and 1915A Screening sets out the applicable legal standard for considering whether a complaint states a claim upon which relief can be granted against a defendant in his individual capacity based on the alleged use of excessive force in violation of a plaintiff's Eighth Amendment right to be free from cruel and unusual punishment. Doc. 10 at 7–8. Applying this standard, Miner's allegations against Brunson, Strucksma, and Martin, in their individual capacities, for use of excessive force in violation of Miner's Eighth Amendment rights state a claim upon which relief can be granted. Miner alleges that they were part of the cell entry team, and his allegations describing the actions of the cell entry team plausibly allege a violation of his Eighth Amendment rights. Doc. 34-1 at 4, ¶¶ 13, 15, 16, 17. Miner's motion for leave to file a second amended complaint alleging claims against Brunson, Strucksma, and Martin in their individual capacities for violating his Eighth Amendment right to be free from cruel and unusual punishment is granted.

Miner alleges that "[b]ecause Tabatha Benting, Nick Lamb, Amber Pirraglia, Stacey, Rodriquez, and Taylor Yost, are supervisory officers, these defendants failed to supervise and train their employees which caused the deprivations of [Miner's] constitutional rights." Id. at 8, ¶ (e) (capitalization in original omitted). Miner's proposed second amended complaint mentions Jameson Prison Annex Operations Major Rodriguez, but he is not named as defendant. Id. at 1–3. To state an individual capacity claim for failure to train or supervise, Miner must allege that each supervisor "(1) received notice of a pattern of unconstitutional acts committed by a subordinate, and (2) was deliberately indifferent to or authorized those acts." Davis v. Buchanan Cnty., 11 F.4th 604, 624 (8th Cir. 2021) (quoting S.M. v. Krigbaum, 808 F.3d 335, 340 (8th Cir. 2015)). "This rigorous standard requires proof that the supervisor had notice of a pattern of

7

conduct by the subordinate that violated a clearly established constitutional right. Allegations of generalized notice are insufficient." Krigbaum, 808 F.3d at 340. "To impose supervisory liability, other misconduct must be very similar to the conduct giving rise to liability." Livers v. Schenck, 700 F.3d 340, 356 (8th Cir. 2012). Miner's conclusory allegations are insufficient as a matter of law to state a § 1983 claim for failure to train or supervise. See generally Marsh v. Phelps Cnty., 902 F.3d 745, 753–54 (8th Cir. 2018) (holding that allegations that supervisors and administrators are aware of unreported, inappropriate conduct because it occurs on a regular basis are "wholly inadequate to impose liability for supervisors under § 1983." (citation omitted)).

## C.    Count 3 – Failure to Intervene

In Count 3 of his proposed second amended complaint, Miner alleges that "[a]ll named defendants . . . had reasonable opportunities to prevent another defendant from using force excessively against [him], had they all been so inclined, but they failed to do so." Doc. 34-1 at 10 (capitalization in original omitted). He contends that each defendant had an "on call mandate" and that even if a defendant was not physically present, each defendant "had access to all facility cameras which they can view live from any place they are . . . [and] could have . . . intervened at any point in time." Id. (capitalization in original omitted). A prison official can be liable under 42 U.S.C. § 1983 for failing to intervene in another official's constitutional violation. Williams v. Mueller, 13 F.3d 1214, 1216 (8th Cir. 1994) ("A prison official acts with deliberate indifference to an inmate's safety when the official is present at the time of an assault and fails to intervene or otherwise act to end the assault." Williams v. Mueller, 13 F.3d 1214, 1216 (8th Cir. 1994); see also Buckner v. Hollins, 983 F.2d 119, 121–22 (8th Cir. 1993) (concluding that a correctional officer had a duty to intervene on behalf of an inmate being

8

assault by another correctional officer); Putman v. Gerloff, 639 F.2d 415, 423 (8th Cir. 1981) (recognizing that deputy could be held "jointly liable for failing to intervene if a fellow officer . . . was using excessive force and otherwise was unlawfully punishing the prisoner.").

Here, Miner does not allege any facts establishing that any of the defendants who were not part of the cell entry team were contemporaneously aware of the cell entry team's actions. See generally Doc. 34-1. His allegations, when liberally construed, establish at most that the supervisory defendants were negligent because they could have intervened if they had accessed the camera footage to which they have access. Id. at 10. "It is well settled, however, that negligence on the part of the prison official is insufficient to satisfy the subjective component [of a failure to protect claim]; the official must recklessly disregard a *known*, excessive risk of serious harm to the inmate." Grimmett v. Minn. Dep't of Corrs., Civ. No. 12-943 (JNE/LIB) 2012 WL 6060974, at *4 (D. Minn. Nov. 8, 2012) (citation modified) (alteration in original). Miner's motion to amend to assert a failure to intervene claim is denied.

### D.    Counts 4 and 5 – State Law Claims of Assault and Battery

Miner alleges that Strucksma, Brunson, and Martin "created a reasonable apprehension of imminent harm" when they performed the cell entry described in paragraph 17 on page 4 of his proposed second amended complaint. Doc. 34-1 at 4, 11. He also alleges that when they performed the cell entry, their actions "constituted offensive physical contact with [him.]" Id. (capitalization in original omitted). Miner alleges "[t]he misconduct described in th[ese] count[s] was undertaken by above named defendants within the scope their employment such that their employer, South Dakota, is liable for their actions." Id. at 11. Under South Dakota law, a defendant may be liable for civil assault and battery if the plaintiff proves the defendant "(a) [intended] to cause a harmful or offensive contact with the person of the other . . ., or an

imminent apprehension of such a contact; and, (b) an offensive contact with the person of the other directly or indirectly results. Restatement (Second) of Torts § 18." Stratmeyer v. Engberg, 649 N.W.2d. 921, 925–26 (S.D. 2002) (per curiam) (first alteration in original) (quoting Reeves v. Reiman, 523 N.W.2d 78, 82 (S.D. 1994). Here, Miner has plausibly alleged state law claims for assault and battery against Struckma, Brunson, and Martin.

Miner has not named the State of South Dakota as a defendant, and the Eleventh Amendment precludes him from doing so. Thus, to the extent Miner seeks leave to assert that the State of South Dakota is vicariously liable for the alleged torts of state employees committed within the scope of their employment, his motion to amend is denied.

### E.      Count 6 – State Law Civil Conspiracy

Count 6 of Miner's proposed second amended complaint alleges a "state law claim of civil conspiracy." Doc. 34-1 at 12 (capitalization in original omitted). Under South Dakota law, civil conspiracy is not an independent cause of action and is "sustainable only after an underlying tort claim has been established." Setliff v. Stewart, 694 N.W.2d 859, 867 (S.D. 2005) (citation modified). "A civil conspiracy is . . . an agreement to commit a tort." Id. (citation modified). To establish a prima facie case of civil conspiracy under South Dakota law, Miner must establish "(1) two or more persons; (2) an object to be accomplished; (3) a meeting of the minds on the object or course of action to be taken; (4) the commission of one or more unlawful overt acts; and (5) damages as the proximate result of the conspiracy." Id. at 866–67 (citations omitted). Because Miner does not allege any facts to establish a meeting of the minds among Struckma, Brunson, and Martin to commit the torts of assault and battery, Miner's state law civil conspiracy claim is futile, and his motion to amend to assert a state law civil conspiracy claim is denied.

10

### F.      Count 7 – State Law Respondeat Superior Claim

As the Court understands Count 7, Miner contends that the defendants he sues in their individual capacities were acting within the scope of employment with the State of South Dakota and that the "state is liable as a principle [sic] for all torts committed by it's [sic] agents, officers, etc." Doc. 34-1 at 12. As this Court previously explained, Miner has not named the State of South Dakota as a defendant, and the Eleventh Amendment precludes him from doing so. Miner's motion for leave to assert a respondeat superior claim is denied.

### G.      Count 8 – State Law Claim of Indemnification

Miner alleges that the "State of South Dakota law provides that Public entities are directed to Pay any tort judgement [sic] for compensatory damages for which its employees are liable within the scope of their employment activities." Id. at 13. The Court assumes that Miner is referring to the Liability Coverage Program for Public Entities (PEPL). SDCL Chapter 3-22. Whether PEPL may provide a payment source if Miner recovers compensatory damages against any defendants is not properly before the Court at this stage of the litigation. Miner has not alleged a plausible claim for indemnification, and this Court declines to issue an advisory opinion addressing how any judgment that may be entered in favor of Miner can or should be satisfied. Miner's motion to amend to assert a state law claim of indemnification is denied.

## IV.    Amendment of Rule 16 Scheduling Order

In their response to Miner's motion to amend, defendants request that the Court modify the Rule 16 Scheduling Order to extend the discovery deadline if Miner is granted leave to file a second amended complaint adding defendants and/or claims. Doc. 38 at 4. There is good cause to amend the Rule 16 Scheduling Order, and defendants' request is granted. The Rule 16 Scheduling Order (Doc. 29) is modified as follows:

- Paragraph 3 is amended to extend the discovery deadline until **September 30, 2026**.

- Paragraph 6 is amended to extend the deadline for all motions, other than motions in limine, until **October 30, 2026**. Opposing parties must file and serve any answering materials and briefs by **November 20, 2026**. Reply briefs, if any, must be filed and served by **December 4, 2026**.

- All other provisions of the Rule 16 Scheduling Order (Doc. 29) remain in effect.

## V.    Conclusion

For these reasons, it is

ORDERED that Miner's motion for leave to file a second amended complaint, Doc. 34, is granted in part and denied in part. Miner is granted leave to assert claims against Brunson, Strucksma, and Martin in their individual capacities for violating his Eighth Amendment right to be free from cruel and unusual punishment (excessive force) and state law claims for assault and battery against Struckma, Brunson, and Martin. The remainder of the claims set forth in Miner's proposed second amended complaint are futile, and Miner is denied leave to assert those claims. It is further

ORDERED that the Clerk of Court shall file the proposed second amended complaint (Doc. 34-1). It is further

ORDERED that the Clerk of Court shall send three blank summons forms and Marshal Service Forms (Form USM-285) to Miner so that he may cause the second amended complaint to be served upon defendants Struckma, Brunson, and Martin. It is further

ORDERED that Miner shall complete and send the Clerk of Court summons and USM-285 forms for defendants Struckma, Brunson, and Martin. Upon receipt of the completed summonses and USM-285 forms, the Clerk of Court will issue the summonses. If the completed summons and USM-285 forms are not submitted as directed within 30 days of the date of this order, Miner's claims against Struckma, Brunson, and Martin may be dismissed for failure to prosecute. It is further

ORDERED that the United States Marshal Service shall serve the completed summonses, together with a copy of the second amended complaint (Doc. 34-1) and this order, upon defendants Struckma, Brunson, and Martin. It is further

12

ORDERED that defendants Struckma, Brunson, and Martin will serve and file an answer or responsive pleading to the second amended complaint on or before 21 days following the date of service. It is further

ORDERED that defendants Benting and Lamb are not required to respond to the second amended complaint, but if they so choose, they may file an answer or responsive pleading within 14 days of the date of this order. It is finally

ORDERED that the Rule 16 Scheduling Order, Doc. 29, is amended as follows:

- Paragraph 3 is amended to extend the discovery deadline until **September 30, 2026**.

- Paragraph 6 is amended to extend the deadline for all motions, other than motions in limine, until **October 30, 2026**. Opposing parties must file and serve any answering materials and briefs by **November 20, 2026**. Reply briefs, if any, must be filed and served by **December 4, 2026**.

- All other provisions of the Rule 16 Scheduling Order (Doc. 29) remain in effect.

DATED May ____, 2026.

BY THE COURT:

ERIC C. SCHULTE
UNITED STATES DISTRICT JUDGE

13