UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH DAKOTA
SOUTHERN DIVISION

| | |
|---|---|
| ROLAND MINER, III,<br><br>Plaintiff,<br><br>vs.<br><br>WARDEN BENTING, Warden, in his official capacity; NICK LAMB, Secretary of Corrections, in his official capacity; SCO STRUCKSMA, in his individual capacity; SCO BRUNSON, in his individual capacity; SCO MARTIN, in his individual capacity,<br><br>Defendants. | **4:25-CV-04035-ECS**<br><br><br>**ORDER DENYING PLAINTIFF'S MOTION FOR RECONSIDERATION** |

Plaintiff, Roland Miner, III, an inmate at the South Dakota State Penitentiary, filed a pro se civil rights lawsuit under 42 U.S.C. § 1983. Docs. 1, 7. When Miner commenced this action, he filed a motion for appointment of counsel. Doc. 3. This Court denied Miner's motion for appointment of counsel because his claims do not appear to be complex, he is able to investigate and present his claims adequately, and he seems to be capable of pursuing his claims pro se at this stage of the litigation. Doc. 10 at 12–13. Miner now moves for reconsideration of the order denying his motion for appointment of counsel. Doc. 49.

Miner states that he is an enrolled member of the Cheyenne River Sioux Tribe. Id. at 1. Relying on 25 U.S.C. § 175, Miner requests that the Court reconsider its order denying his motion for appointment of counsel. Id. This statute provides that "[i]n all States and Territories where there are reservations or allotted Indians the United States attorney shall represent them in all suits at law and in equity." 25 U.S.C. § 175. As the Court understands Miner's argument, he contends that § 175 requires appointment of counsel any time an enrolled tribal member requests

counsel in a civil suit. See generally Doc. 49. But that is not how courts interpret this statute. Section 175 "is not mandatory and . . . its purpose is no more than to ensure Native Americans adequate representation in suits to which they might be parties." Scott v. Hormel, 854 F. App'x 958, 960 (10th Cir. 2021) (alteration in original) (citation omitted) (finding that the district court did not abuse its discretion in denying a pro se prisoner's motion for appointment of counsel under § 175); see also Shoshone Bannock Tribes v. Reno, 56 F.3d 1476, 1481 (D.C. Cir. 1995) (citation omitted) (stating that § 175 imposes only a discretionary duty of representation); Robinson v. N.J. Mercer Cnty. Vicinage-Fam. Div., 514 F. App'x 146, 151 (3d Cir. 2013) (per curiam) ("the unanimous weight of authority suggests that the duty of representation contained [in § 175] is discretionary, not mandatory"); Becker v. Forbis, No. 8:23CV478, 2024 WL 1619394, at *1 (D. Neb. Apr. 15, 2024) (Section "175 does not require the appointment of counsel any time a member of a federally recognized Indian tribe requests it in any civil suit.").

Because § 175 is discretionary, not mandatory, when a plaintiff who is proceeding in forma pauperis requests appointment of counsel under 25 U.S.C. § 175, 28 U.S.C. § 1915(e)(1) governs the request. Moore v. United States, 163 Fed. Cl. 591, 594 (2022) (citation omitted). Applying the relevant factors identified by the United States Court of Appeals for the Eighth Circuit, see Stevens v. Redwing, 146 F.3d 538, 546 (8th Cir. 1998), this Court has already determined that Miner is not entitled to counsel at this stage of the proceedings. See Doc. 10 at 12–13. Miner's motion for reconsideration does not contain any facts that would be a reason for the Court to reconsider its decision. Accordingly, it is

2

ORDERED that Miner's motion for reconsideration, Doc. 49, is denied.

DATED May 19th, 2026.

BY THE COURT:

ERIC C. SCHULTE
UNITED STATES DISTRICT JUDGE